UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------- X

YU JUNG LEE, individually, and on behalf of
others similarly situated,

                          Plaintiff,

        -against-

DONG BANG CORPORATION, MI JA KIM,
JOO HEE KIM and SANG KYU KIM

                        Defendants.

------------------------------------------------------------ X

**Index No.: 22-cv-1336**

ANSEWER AND
AFFIRMATIVE DEFENSES

Defendants Dong Bang Corporation, ("Corporate Defendant"), Mi Ja Kim, Ju H. Kim and Sang Kyu Kim, hereinafter collectively called the "Defendants" through their counsel, the Law Offices of Diane H. Lee, as and for their Answer to the above captioned action, state as follows:

1. Defendants deny the allegations set forth in Paragraph 1 of the Complaint except to admit that Dong Bang Grill Restaurant ("DBG") is a fine dining establishment located in Fort Lee, New Jersey.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants neither deny nor admit Paragraph 3 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint except to admit that if the conduct that is the basis of this Complaint allegedly took place in this district, and, if federal jurisdiction exists, venue is proper in this district.

6. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, except to admit that upon information and belief, Plaintiff is an adult and resides in the State of New Jersey.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint except to admit that Plaintiff worked as a server at DBG for a period of time.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants neither deny nor admit Paragraph 9 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants neither deny nor admit Paragraph 13 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants neither deny nor admit Paragraph 15 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18(a) through (d) of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants neither deny nor admit Paragraph 20 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 20 of the Complaint.

21. Defendants neither deny nor admit Paragraph 21 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 21 of the Complaint.

22. Defendants neither deny nor admit Paragraph 22 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants neither deny nor admit Paragraph 25 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 25 of the Complaint.

26. Defendants neither deny nor admit Paragraph 26 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants neither deny nor admit Paragraph 30 (a) through (i) of the Complaint as they lack allegations. To the extent that a response is required, Defendants deny Paragraph 30 of the Complaint in its entirety.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants neither deny nor admit Paragraph 32 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants neither deny nor admit Paragraph 34 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants repeat their responses from Paragraph 1 through 44 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants neither deny nor admit Paragraph 50 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 50 of the Complaint.

51. Defendants neither deny nor admit Paragraph 51 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 (i) through (iii) of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants neither admit nor deny Paragraph 56 of the Complaint as it lacks allegations.  To the extent that a response is required, Defendants deny Paragraph 56 of the Complaint.

57. Defendants repeat their responses from Paragraph 1 through 56 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants repeat their responses from Paragraph 1 through 61 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants repeat their responses from Paragraph 1 through 68 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants repeat their responses from Paragraph 1 through 73 of the Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants repeat their responses from Paragraph 1 through 76 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81. Plaintiff, any potential opt-ins and/or putative Class members were not employees of the Defendants for the purposes of the Fair Labor Standards Act ("FLSA").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82.  Plaintiff, any potential opt-in and/or putative Class members were not employees of the Defendants for the purposes of New Jersey Wage and Hour Laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83. Pursuant to 29 U.S.C. §260, the Court should not award liquidated damages for the alleged violations of the FLSA because the Defendants acted in good faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

84.  Pursuant to New Jersey Wage and Hour Laws, the Court should not award liquidated damages for violation of the NJWHL and applicable wage orders because Defendants had a good faith basis to believe their payment of wages was in compliance with the law, and Defendants did not willfully violate the NJWHL.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85.  Plaintiff, any potential opt-in and/or Class members of the FLSA and NJWHL claims were barred in part by the applicable statutes of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86.  Pursuant to the NJWHL, the Defendants are not liable to the Plaintiff, any potential opt-in and/or members of putative Class members for alleged violation of NJWHL because they made a complete and timely payment of wages to the Plaintiff, any potential opt-in and/or members of putative Class members had a reasonably good faith belief that they were not required to provide such notice.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87.  The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

88. This Court lacks subject matter jurisdiction because Defendants were not engaged in interstate commerce within the meaning of the FLSA during the relevant period of time.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

89. This Court should not exercise supplemental jurisdiction over the Defendant in the Complaint that purport to rise under the NJWHL because there is no independent basis for the exercise of subject matter jurisdiction of these claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90. Plaintiff, any potential opt-in, and/or putative Class members are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C §216(b) because Plaintiff is not similarly situated to any potential opt-ins and/or putative Class members and Plaintiff cannot adequately represent the interests of the potential opt-ins or the members of the putative Class.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are not proper for treatment as a class action because Plaintiff cannot satisfy the requirements of Rule 23.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

92. Plaintiff's attempt to pursue this case as a collective action or class action fails because an individual analysis of each purported class members and the Plaintiff's claims and the claims of each opt-in and the Defendants' defenses to those claims are required individually.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff's Complaint should be dismissed due to the Plaintiff's failure to fulfill jurisdictional prerequisites to suit and/or exhaust administrative remedies.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

94.  Plaintiff's claims and the claims of any potential opt-in and Class members, are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

95.    Claims of Plaintiff, and those of any potential opt-in and/or putative Class members are barred or should be reduced, in whole or in part, by the credits, recoupment, or offsets permissible under the FLSA and the NJWHL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

96.  Plaintiff's and the claims of any potential opt-ins and putative Class members are barred because some of them signed a valid arbitration agreement agreeing to arbitrate all claims and disputes in connection with his/her employment with the Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

97.  Plaintiff's and the claims of any potential opt-ins and/or putative Class members are barred, in whole or in part, to the extent Plaintiff, any potential opt-ins and/or putative Class members, failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

98.  Some or all of Plaintiff's claims and the claims of any potential opt-ins and/or putative Class members are barred, in whole or in part, by exclusions, exceptions, or credits under the FLSA and/or NJWHL.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

99.  Plaintiff's claims and the claims of any potential opt-ins and/or putative Class members are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violations of direct order of his/their supervisors.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray this Court: (a) declines jurisdiction over all or some claims in this matter over the Defendant; (b) dismissed all claims with prejudice; (c) awards the Defendants their attorney's fees, costs and expenses as provided for by the applicable statutes; and (d) any other relief which this Court deems just and equitable.


Dated: Fort Lee, NJ
March 29, 2022

Diane H. Lee [DL3170]
The Law Offices of Diane H. Lee
16 W. 32nd Street Suite 305
New York, NY 10001

1630 Center Avenue
Fort Lee, NJ 07024
Tel: (201) 363-0101
     (551) 309-9833
Facsimile: (888) 908 3660
DLEE@DHLLAW.COM

CERTIFICATE OF SERVICE

I, Diane H Lee, an attorney admitted to practice before this Court and a member in good standing of the bar of the State of New Jersey, certify under penalties of perjury that I caused to be served the annexed Answer upon:

Diane H Lee [DL3170]

To: Ryan Kim
    Ryan Kim Law, P.C.
    222 Bruce Reynolds Blvd. Suite 490
    Fort Lee, NJ 07024 via email on March 29, 2022 at ryan@ryankimlaw.com