# The Law Offices of Diane H. Lee, P.C.*

| | |
|---|---|
| **1630 Center Avenue** | **11 E. 44th Street** |
| **Fort Lee, NJ 07024** | **Suite 1001** |
| **TEL: (201)363-0101** | **NEW York, NY 10017** |
| **(201)482-4183** | |
| **(551)309-9833** | |
| **FAX: 888-908-3660** | |

<u>DLEE@DHLLAW.COM</u>
**www.thelawofficesofdianehlee.com**
***Member of NY and NJ Bars**

                                       **PLEASE REPLY TO**
                                       **FORT LEE OFFICE**

April 18, 2023

**VIA ECF**
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101
Honorable Edward S. Kiel

**Re: Yu Jung Lee vs. Dong Bang Corp., et. al. (Case No. 22-cv-1336-MCA-ESK)**
     **Defendants' Response to Plaintiff's Letter dated 4/17/2023 Dkt. 35)**

Dear Judge Kiel:

I represent the Defendants in the above-referenced matter. I have reviewed Plaintiff's Counsel Mr. Ryan Kim's letter filed last night in accordance with Your Honor's Order dated April 14, 2023.

I note that Mr. Kim did not attach any text messages or emails that he purportedly had sent to Opt-in Plaintiff Gu Hwan Park. Last Friday, on April 14, at 5:27 p.m., Mr. Kim emailed me stating the following:

*WE have been repeatedly calling Mr. Park's cell but every time it goes to "your call cannot be completed as dialed". We checked the number and tried again but still the same thing. I called using my cell and office number but still the same issue.*

*WE are unable to contact him. I don't know what else I can do.*

Noting Mr. Kim did not mention any other means in his attempt to contact him, the next day, Saturday, April 15, I replied back via email asking whether he had emailed Opt-in Park as his Consent to Join form signed by Mr. Park has an email address and his physical home address. Mr. Kim did not reply to this email. Mr. Kim for the first time represented that he had emailed the Opt-in yesterday, however, no such emails were attached to his letter to the Court.

Mr. Kim states that his office contacted Opt-in Park via text on April 7, 2023, **seventeen (*17*)** days after my office noticed his deposition, which was March 20, 2023. Mr. Kim adds irrelevant information, citing his start and end of his jury trial, as if the trial prevented him from contacting Opt-in Park. When the undersigned had a phone conversation with Mr. Kim on Friday, three days before the scheduled deposition, Mr. Kim called Opt-in Park by a wrong name, Mr. Gu, from which I inferred Mr. Kim did not review the documents produced by the Defendants well before the scheduled deposition.

Mr. Kim represented that he contacted Mr. Park many times, citing several dates (4/14, the Friday before the deposition, 4/15, Saturday and 4/17, the day before the scheduled deposition) showing his belated attempts to "confirm" his deposition.

Mr. Kim states in his letter to the Court that starting on April 13, he knew Opt-in Park could not be contacted via his phone because his purported text message to Mr. Park bounced back undeliverable. If that were truly the case, Mr. Kim should have sent a letter to the Opt-in, setting forth the importance of his deposition and the consequences of failing to appear for his deposition. Mr. Kim presents no such letter to the Court.

I respectfully submit to Your Honor that these purported communications with the Opt-in should not fall under the category of the attorney-client privileged communications as the contents of the communications were for the purpose of scheduling a deposition. Had Mr. Kim engaged in substantive communication with Opt-in Park about the case, he can certainly redact the portion of such communication or request *in camera* review by the Court.

Defendants have spent time and attorney's fees in preparation for the Opt-ins depositions since March 20. Defendants also have spent attorney's fees in response to what had transpired since last Friday. Defendants went through all their payroll records to isolate the Opt-ins and produced them to the Plaintiff's Counsel. I finished preparing for the deposition of Opt-in Jin Ho Kim by the time Mr. Kim informed me he was unable to confirm the Opt-ins depositions one business day before the deposition. We are scheduled for Opt-in Park's deposition this morning and I am in the position of being unable to cancel the scheduled deposition in the event that Op-in Park appears. Mr. Kim could not definitely advise me Opt-in Park will not show up due to his lack of efforts in obtaining confirmation. I respectfully request Your Honor to compel Plaintiff to pay for any cancellation fees for the Court reporting services and the interpreter. I also respectfully request Your Honor to award attorney's fees spent in preparing for the depositions of the two Opt-ins.

With respect to Opt-in Jin Ho Park, from Mr. Kim's representation to the Court, he found out that Opt-in Kim was not interested in going forward with the case on Friday, April 14. As a result, Mr. Kim emailed me stating he will file a stipulation of dismissal. It behooves me how the Counsel for the Opt-in did not know until the Friday before the Monday deposition that his client was not going forward with the case. It is truly apparent that no preparation took place on the Part of the Plaintiff's Counsel to prepare his client for the deposition, which inevitably makes my job more difficult. I respectfully submit to Your Honor the Opt-in Plaintiffs must appear to corroborate Mr. Kim's representations made to the Court. Incidentally, I believe the Opt-ins and the Plaintiff all require a Korean-speaking interpreter.

2

Respectfully submitted,

Diane Lee

cc: Ryan Kim, for the Plaintiff Via ECF