**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YU JUNG LEE, individually, and on behalf of others similarly situated,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>DONG BANG CORPORATION, et al.,<br><br>　　　　*Defendants*. | No. 22-cv-01336(MEF)(SDA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\* \* \*

The relevant undisputed facts, for now, are as follows.

An employee worked at a restaurant[1] as a server. See Defendants' Statement of Undisputed Material Facts ¶ 1; Plaintiff's Response to Defendants' Statement of Facts ("Plaintiff's Response") ¶ 1.

The employee was paid wages, which she received every other week. See, e.g., Ju Hi Kim Deposition at 57:4-9; Yu Jung Lee Deposition (Jan. 19, 2023) at 30:9-15.

She also received both credit card based tips and cash tips at the end of each day she worked. See Defendants' Statement of Undisputed Material Facts ¶ 40; Plaintiff's Response ¶ 40; see also Ju Hi Kim Deposition at 85:12-15; Yu Jung Lee Deposition (Jan. 19, 2023) at 49:18.

---

[1]  Dong Bang Grill.

\* \* \*

The employee, referred to from here as "the Plaintiff,"[2] sued the restaurant, plus several individuals in ownership and management roles, "the Defendants."[3]

The Plaintiff brought claims under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL") for failure to pay minimum wage and also for unpaid overtime. See Complaint ¶¶ 45-73. And she also pressed common law claims, for conversion and unjust enrichment. See id. ¶¶ 74-80.

Discovery has been completed, and the Defendants now move for partial summary judgment as to the Plaintiff's claims.[4]

\* \* \*

Motions for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Dupree v. Younger, 598 U.S. 729, 737 (2023); Cellco P'ship v. White Deer Twp. Zoning Hearing Bd., 74 F.4th 96, 100 (3d Cir. 2023).

In assessing a summary judgment motion, "a district court may not make credibility determinations or engage in any weighing of the evidence[.]" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004). Rather, the court must "view the facts in the light most favorable to the non-moving party and [draw] all reasonable inferences in that party's favor." Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 345 (3d Cir. 2022); accord Tolan v. Cotton, 572 U.S. 650, 660 (2014).

---

[2] Yu Jung Lee.

[3] The corporate defendant, Dong Bang Corporation, operates Dong Bang Grill. See Defendants' Statement of Undisputed Material Facts ¶ 1. The individual defendants are Mi Ja Kim, Ju Hi Kim, and Sang Kyu Kim.

[4] Two things. First, the Plaintiff has also moved to certify a class action under Federal Rule of Civil Procedure 23 as to her state law claims. The Court does not consider that motion here. Second, the Defendants' motion does not pertain to five weeks during which they concede the Plaintiff was underpaid. See Motion for Summary Judgment at 4-5.

\* \* \*

The Plaintiff's claims are premised on two main factual assertions.

\* \* \*

First, that the Defendants did not pay the Plaintiff enough. In particular, the Plaintiff argues she was paid less than is required under both the FLSA and NJWHL's minimum wage and overtime provisions. See Complaint ¶¶ 45-73.

The Defendants' response: the Plaintiff was adequately paid, and therefore they are entitled to summary judgment. See Motion for Summary Judgment at 8-10. As the basis of this argument, the Defendants point to "Wage Receipt Sheets," along with other documents, which purport to show the Plaintiff's hours and pay during the relevant period. See id. at 9; Docket Entry 51; Docket Entry 52, Exhibit 1.

But the Plaintiff testified that one of the Defendants physically covered the referenced wage receipts when she signed them, so that she could not see the hours and wages listed to verify they were correct. See Yu Jung Lee Deposition (Jan. 19, 2023) at 87:12 to 88:15. And she testified that one of the Defendants also directed her to sign fraudulent time sheets that were "made up records." See Yu Jung Lee Declaration ¶ 4.

The Plaintiff's testimony creates a genuine dispute of material fact. This precludes summary judgment. See Dupree, 598 U.S. at 737. The accuracy of the Defendants' wage records is critical to determining whether the Plaintiff was paid proper wages. See Canada, 49 F.4th at 345 ("A factual dispute is material if it might affect the outcome of the suit under the governing law.") (cleaned up). But the records' accuracy is disputed.

\* \* \*

Second, the Plaintiff's claims as to conversion and unjust enrichment rely on the contention that the Defendants improperly misappropriated a portion of the tips that the Plaintiff was owed. See Complaint ¶¶ 74-80. She asserts that, at certain points, the Defendants retained between 3% and 25% of the tips paid by restaurant customers on credit cards and intended for servers. See Yu Jung Lee Declaration ¶ 10; Yu Jung Lee Deposition (Jan. 19, 2023) at 88:16 to 90:20.

The Defendants respond by admitting that they deducted money from the total credit card tips, but argue that their deductions added up only to 3.5% --- equal to the fees that credit card companies were said to have charged the restaurant. See Motion for Summary Judgment at 10; see also Sung Hun Kim Deposition at 33:1-23; Sun Hee Kim Deposition at 38:17 to 39:14. Based on this, the Defendants seek summary judgment.

But the daylight between the Plaintiffs testimony (3% to 25% deductions) and the Defendants' figure (3.5% deductions) creates a genuine dispute, and summary judgment therefore cannot be granted.[5]

\*   \*   \*

For the reasons set forth above, the Defendants' motion for summary judgment is denied.

IT IS on this 22nd day of November, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[5] The Defendants say they have additional evidence --- credit card batch reports --- that prove the amount deducted. See Motion for Summary Judgment at 10. But that evidence would also be disputed by the Plaintiff's testimony. And note: even if it was undisputed that the Defendants deducted only an amount equal to the credit card processing fees they paid, it is not clear that would be the end of the matter. See Acosta v. Osaka Japan Rest., 2018 WL 3397337, at *8 (E.D. Pa. July 12, 2018) (noting the "absence of Third Circuit precedent" on the issue of unlawful deductions from credit card tips); N.J. Admin. Code § 12:56-3.5(g) (establishing "a prohibition against the employer using an employ\yee's tips to pay any portion, however small, of the fee charged to the employer by a credit card company").